**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CHERYL A. VALADEZ<br>Plaintiff | : | CIVIL ACTION |
| V. | : | TRIAL BY JURY |
| TOWN OF ROCKY HILL; MICHAEL CUSTER, CHIEF OF POLICE, in his individual and official capacity; WILLIAM KEEHNER, DEPUTY CHIEF OF POLICE, in his individual and official capacity; SERGEANT GEORGE BURNS, JR, in his individual and official capacity; SERGEANT JOSEPH VERNALI, in his individual and official capacity; DETECTIVE ANDREW O'BRIEN, in his individual and official capacity; OFFICER RICHARD DEGEN, in his individual and official capacity; OFFICER CLYDE TYLER, in his individual and official capacity; OFFICER JOHN DOE #1, in his individual and official capacity; EDWARD PERUTA; LOIS PERUTA; and JEFFREY HARRIS<br>Defendants | : | JANUARY 14, 2008 |

**COMPLAINT**

The Plaintiff, Cheryl A. Valadez, through her attorneys, brings this civil action for violations of his rights secured and protected by the Civil Rights Act of 1871 (42 U.S.C. § 1983), the Fourth and Fourteenth Amendments to the United States Constitution, Article First §§ 7, 8, and 9 of the Connecticut Constitution, and under the laws of the State of Connecticut, for which she seeks compensatory and punitive damages, declaratory and injunctive relief, as well as attorneys fees and costs.

## JURISDICTION

1. Jurisdiction in this matter is premised on 28 U.S.C. § 1331, in that this District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

## VENUE

3. Venue in the District of Connecticut is proper in accordance with 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. The Plaintiff, Cheryl A. Valadez ("Plaintiff") is a resident of Wethersfield, Connecticut.

5. Upon information and belief, the Defendant Town of Rocky Hill, is and was at all times relevant hereto a municipal corporation, incorporated and existing under the laws of the State of Connecticut.

6. Upon information and belief, the Defendant Michael Custer, Chief of Police, is and was at all times relevant hereto the Chief of the Rocky Hill Police Department, and the final policymaker in the area of law enforcement, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course

of and within the scope of his employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

7. Upon information and belief, the Defendant William Keehner, Deputy Chief of Police, is and was at all times relevant hereto a deputy chief with the Rocky Hill Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

8. Upon information and belief, the Defendant Sergeant George Burns, Jr., is and was at all times relevant hereto a sergeant with the Rocky Hill Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

9. Upon information and belief, the Defendant Sergeant Joseph Vernali, is and was at all times relevant hereto a sergeant with the Rocky Hill Police Department, he is being named in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

10. Upon information and belief, the Defendant Detective Andrew O'Brien, is and was at all times relevant hereto a detective with the Rocky Hill Police Department, he is being named

in his individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of his employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

11. Upon information and belief, the Defendant Officer Richard Degen, is and was at all times relevant hereto a police officer with the Rocky Hill Police Department, she is being named in her individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of her employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

12. Upon information and belief, the Defendant Officer Clyde Tyler, is and was at all times relevant hereto a police officer with the Rocky Hill Police Department, she is being named in her individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of her employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

13. Upon information and belief, the Defendant Officer John Doe #1, is and was at all times relevant hereto a police officer with the Rocky Hill Police Department, she is being named in her individual and official capacity, and was at all times relevant hereto acting under the color of law during the course of and within the scope of her employment with the Town of Rocky Hill and/or the Rocky Hill Police Department.

14. Upon information and belief, the Defendant Edward Peruta is, and was at all times relevant

hereto, a resident of Rocky Hill, Connecticut.

15. Upon information and belief, the Defendant Lois Peruta is, and was at all times relevant hereto, a resident of Rocky Hill, Connecticut.

16. Upon information and belief, the Defendant Jeffrey Harris is, and was at all times relevant hereto, a resident of Rocky Hill, Connecticut.

## STATEMENT OF FACTS

17. On or around October 30, 2007, Defendants Edward Peruta, Sergeant George Burns, Jr., and Officer Clyde Tyler arrived at the Plaintiff's residence which is located at 29A Carillon Drive, in Rocky Hill, Connecticut.

18. At all times relevant hereto, Defendant Edward Peruta claimed, at least in part, to be acting under the direction and authority of Defendant Jeffrey Harris.

19. After arriving, Defendant Edward Peruta walked to the back of the Plaintiff's residence and yelled into the open upstairs window that the Plaintiff should come downstairs.

20. While the Plaintiff was coming down the stairs, she observed Defendants Sergeant George Burns, Jr., Officer Clyde Tyler, and Edward Peruta, attempting enter the front door of the Plaintiff's residence by force.

21. At no time did Defendants Sergeant George Burns, Jr., or Officer Clyde Tyler identify themselves as police officers.

22. The Plaintiff yelled to the three, and directed them not to enter her residence.

23. The Plaintiff ultimately exited her residence via the back door and came around to speak with the three men out front.

24. Edward Peruta, a private citizen, ordered the officers to detain the Plaintiff.

25. Seemingly at the command of the Edward Peruta, a private citizen, one of the officers grabbed and restrained the Plaintiff.

26. During this restraint, one of the officers held and squeezed the Plaintiff's right hand, which has undergone reconstructive surgery and was obviously and visually deformed, causing her great pain, this force was clearly more force than was reasonable given the circumstances then presenting.

27. With the Plaintiff restrained, in great pain, and with one of the officers threatening the Plaintiff with arrest, the other officer and Edward Peruta entered the Plaintiff's residence.

28. At no time did Defendants Sergeant George Burns, Jr., or Officer Clyde Tyler present the Plaintiff with a valid search warrant, or even suggest one had been obtained.

29. After releasing her, one or both of the officers ordered the Plaintiff to leave her residence within one hour or face arrest should she not comply.

30. At no time Defendants Sergeant George Burns, Jr., or Officer Clyde Tyler present the Plaintiff with a valid court order indicating she had to leave her residence, or even suggest one had been obtained.

31. As a result of the actions Defendants Sergeant George Burns, Jr., Officer Clyde Tyler, and

Edward Peruta, the Plaintiff feared for her safety, and felt no security in her residence.

32. As such, the Plaintiff left her residence and spent that night in the woods, when the temperature dropped to 37 degrees Fahrenheit.

33. Early the next morning, on or around October 31, 2007, Defendants Edward Peruta, Sergeant Joseph Vernali, and Officer Clyde Tyler arrived at the Plaintiff's residence.

34. Edward Peruta explained to a neighbor that he was going to pack all of the Plaintiff's belongings and move them to a storage facility where they would be held for one month and then discarded.

35. The officers remained at the Plaintiff's residence, and stood by idle, while Edward Peruta ransacked the Plaintiff's residence, and began packing the Plaintiff's belongings into plastic garbage bags.

36. At some point, Lois Peruta arrived to assist Edward Peruta in packing the Plaintiff's belongings into plastic garbage bags.

37. Ultimately most of the Plaintiff's belongings were packed into plastic garbage bags, and bleach was caused to be poured on them, and/or the belongings were handled in such a way that they were damaged or destroyed.

38. At some point that afternoon, Defendant Sergeant Joseph Vernali indicated that Defendant William Keehner, Deputy Chief of Police, was personally supervising the events taking place at the Plaintiff's residence.

39. Defendant William Keehner, Deputy Chief of Police, then stated, represented and/or confirmed that everything being done by his subordinates was lawful.

40. After Defendant William Keehner, Deputy Chief of Police, made statements and/or representations that everything being done was lawful, Defendant Officer Richard Degen arrived at the Plaintiff's residence and informed the Plaintiff's daughter something to the effect that World War III was about to begin.

41. Again fearing for her safety, and again feeling no security in her residence, the Plaintiff left her residence to stay with family and/or friends.

42. After making lunch plans with Edward Peruta, the officers eventually departed.

43. On or around November 13, 2007, Defendants Detective Andrew O'Brien, and Officer John Doe #1, both of the Rocky Hill Police Department, without announcing themselves as police officers, entered the Plaintiffs new residence, which located at 13 Wilcox Street, in Wethersfield, Connecticut.

44. At the time of their entry into the Plaintiff's residence, the front door was closed.

45. At no time did Defendants Detective Andrew O'Brien, and Officer John Doe #1 present the Plaintiff with a valid search warrant, nor suggest one had been obtained.

46. After they let themselfs into the Plaintiff's new residence, in Wethersfield, Connecticut, they awoke the Plaintiff and attempted to question her.

**FIRST COUNT (Defendant Officers - 42 U.S.C. § 1983 / Fourth and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8, and 9 of the Connecticut Constitution)**

1. The allegations contained in paragraphs 1 through 46 of the Preliminary Statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 46 of the First Count.

47. The Defendant Officers violated the Plaintiff's rights secured and protected by the Fourth and Fourteenth Amendments to the United States Constitution, Article First §§ 7, 8, and 9 of the Connecticut Constitution, in one or more of the following ways:

   a. in stopping, detaining, searching, and seized the Plaintiff without reasonable suspicion, probable cause, a warrant, or any exigent circumstances;

   b. in using excessive force upon the Plaintiff;

   c. in conducting a search of the Plaintiff's residence without a warrant, or any exigent circumstances;

   d. in evicting the Plaintiff from her residence without a proper court order;

   e. in exceeding their jurisdictional authority, contrary to the law, in order to engage in unlawful conduct;

   f. in that the Defendant officers had the duty and opportunity to protect the Plaintiff from the unlawful acts of other private citizens; and/or

   g. in that the Defendant officers acted jointly and in concert with each other as they each had the duty and opportunity to protect the Plaintiff from the unlawful acts of the

other officers.

48. As a direct and proximate result of the conduct of William Keehner, Deputy Chief of Police, Sergeant George Burns, Jr., Sergeant Joseph Vernali, Detective Andrew O'Brien, Officer Richard Degen, Officer Clyde Tyler, and Officer John Doe #1, the Plaintiff has suffered property damage and personal injuries including but not limited to a trauma to her hand and/or arm, emotional distress, and shock to her entire system, some of which injuries are permanent in nature.

**SECOND COUNT (Defendant Officers - Common Law)**

1. The allegations contained in paragraphs 1 through 46 of the Preliminary Statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 46 of the Second Count.

47. The Defendant Officers violated the Plaintiff's common law rights, in one or more of the following ways:

    a. in that the Defendant Officers were negligent in conducting themselves in that they should have been aware of a substantial and unjustifiable risk that their conduct would violate the Plaintiff's rights;

    b. in that the Defendant Officers were reckless in conducting themselves in that they consciously disregarded a substantial and unjustifiable risk that their actions would violate the Plaintiff's rights;

c. in that the Defendant Officers assaulted and/or battered the Plaintiff in that their conduct caused harmful or offensive contact with the Plaintiff, and that immediately before the battery their conduct caused imminent apprehension of harmful or offensive contact;

d. in that the Defendant Officers falsely imprisoned the Plaintiff in that their conduct unlawfully restrained the Plaintiff's physical liberty;

e. in that the Defendant Officers negligently inflicted emotional distress upon the Plaintiff in that they should have realized that their conduct involved an unreasonable risk of causing emotional distress and that distress, might result in illness or bodily harm, further the fear or distress experienced by the Plaintiff was reasonable in light of the conduct; and/or

f. in that the Defendant Officers intentionally inflicted emotional distress upon the Plaintiff in that they (1) intended to inflict emotional distress upon the Plaintiff or that they knew or should have known that emotional distress was the likely result of their conduct; (2) that their conduct was extreme and outrageous; (3) that their conduct was the cause of the Plaintiff's distress; and (4) that the emotional distress sustained by the Plaintiff was severe.

48. As a direct and proximate result of the conduct of William Keehner, Deputy Chief of Police, Sergeant George Burns, Jr., Sergeant Joseph Vernali, Detective Andrew O'Brien, Officer

Richard Degen, Officer Clyde Tyler, and Officer John Doe #1, the Plaintiff has suffered property damage and personal injuries including but not limited to a trauma to her hand and/or arm, emotional distress, and shock to her entire system, some of which injuries are permanent in nature.

**THIRD COUNT (Town of Rocky Hill and Michael Custer, Chief of Police- 42 U.S.C. § 1983 / Fourth and Fourteenth Amendments to the United States Constitution; Article First §§ 7, 8, and 9 of the Connecticut Constitution)**

1. The allegations contained in paragraphs 1 through 46 of the Preliminary Statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 46 of the Third Count.

47. At all times relevant hereto, the Town of Rocky Hill was acting by and through Michael Custer, Chief of Police, who is the final policy maker in the area of law enforcement, and had in effect actual and/or de facto policies, practices, and customs.

48. These actual and/or de facto policies, practices, and customs include, but are not limited to the following:

    a. the failure to properly screen, discipline, transfer, counsel, and/or otherwise control police officers engaged in the law of search and seizure, the use of excessive and unjustified force, landlord/tenant law and/or the law of evictions, the law of law enforcement jurisdictional restrictions, the duty to intervene to protect and secure individual personal rights, the duty to intervene to protect and secure individual civil

rights; and/or

b. the failure to properly train and supervise police officers in law of search and seizure, the use of excessive and unjustified force, landlord/tenant law and/or the law of evictions, the law of law enforcement jurisdictional restrictions, the duty to intervene to protect and secure individual personal rights, the duty to intervene to protect and secure individual civil rights.

49. These actual and/or de facto policies, practices, and customs constitutive a deliberate indifference to the rights of the citizens and residents of the Town of Rocky Hill and the State of Connecticut, and were a moving force behind the Defendant Officer's constitutional violations.

50. As a direct and proximate result of the conduct the Town of Rocky Hill, and Michael Custer, Chief of Police, the Plaintiff has suffered property damage and personal injuries including but not limited to a trauma to her hand and/or arm, emotional distress, and shock to her entire system, some of which injuries are permanent in nature.

**<u>FOURTH COUNT</u> (Town of Rocky Hill - Conn. Gen. Stat. § 52-557n; Conn. Gen. Stat. § 7-465)**

1. The allegations contained in paragraphs 1 through 46 of the Preliminary Statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 46 of the Fourth Count.

47. The Town of Rocky Hill is liable to the Plaintiff in accordance with one or more of the

following statutes:

a. Conn. Gen. Stat. § 52-557n in that a municipal employee(s) negligence caused damage to the Plaintiff, who was at all times relevant hereto an identifiable victim that was subjected to immanent harm; and/or

b. Conn Gen. Stat. § 7-465 in that the municipality is required to indemnify municipal employee(s) who cause physical injury and/or violate an individuals civil rights.

48. As a direct and proximate result of the conduct of the municipal employees of the Town of Rocky Hill, the Plaintiff has suffered property damage and personal injuries including but not limited to a trauma to her hand and/or arm, emotional distress, and shock to her entire system, some of which injuries are permanent in nature.

**FIFTH COUNT (Edward Peruta, Lois Peruta, Jeffrey Harris - Common Law)**

1. The allegations contained in paragraphs 1 through 46 of the Preliminary Statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 46 of the First Count.

43. Edward Peruta, Lois Peruta, and/or Jeffrey Harris violated the Plaintiff's common law rights, in one or more of the following ways:

a. in that Edward Peruta, Lois Peruta, and/or Jeffrey Harris were negligent in conducting themselves in that they should have been aware of a substantial and unjustifiable risk that their conduct would violate the Plaintiff's rights;

b. in that the Edward Peruta, Lois Peruta, and/or Jeffrey Harris were reckless in conducting themselves in that they consciously disregarded a substantial and unjustifiable risk that their actions would violate the Plaintiff's rights;

c. in that the Edward Peruta, Lois Peruta, and/or Jeffrey Harris committed a trespass to land in that (1) the Plaintiff was the owner of a possessory interest in land, (2) the Defendant invaded, intruded or entered affecting the plaintiff's exclusive possessory interest; (3) the Defendant acted intentionally; and (4) caused direct injury;

d. intentionally dispossessed the Plaintiff of her chattels, and/or used or intermeddled with the Plaintiff’s chattels;

e. in that the Edward Peruta, Lois Peruta, and/or Jeffrey Harris committed a trespass to chattels in that the Edward Peruta, Lois Peruta, and/or Jeffrey Harris assaulted and/or battered the Plaintiff in that their conduct caused harmful or offensive contact with the Plaintiff, and that immediately before the battery their conduct caused imminent apprehension of harmful or offensive contact;

f. in that Edward Peruta, Lois Peruta, and/or Jeffrey Harris falsely imprisoned the Plaintiff in that their conduct unlawfully restrained the Plaintiff's physical liberty;

g. in that Edward Peruta, Lois Peruta, and/or Jeffrey Harris negligently inflicted emotional distress upon the Plaintiff in that they should have realized that their conduct involved an unreasonable risk of causing emotional distress and that distress,

might result in illness or bodily harm, further the fear or distress experienced by the Plaintiff was reasonable in light of the conduct; and/or

h. in that the Edward Peruta, Lois Peruta, and/or Jeffrey Harris intentionally inflicted emotional distress upon the Plaintiff in that they (1) intended to inflict emotional distress upon the Plaintiff or that they knew or should have known that emotional distress was the likely result of their conduct; (2) that their conduct was extreme and outrageous; (3) that their conduct was the cause of the Plaintiff's distress; and (4) that the emotional distress sustained by the Plaintiff was severe.

44. As a direct and proximate result of the conduct of Edward Peruta, Lois Peruta, and/or Jeffrey Harris, the Plaintiff has suffered property damage and personal injuries including but not limited to a trauma to her hand and/or arm, emotional distress, and shock to her entire system, some of which injuries are permanent in nature.

**WHEREFORE**, the Plaintiff demands:

1. A trial by a jury of her peers;
2. Punitive damages;
3. Compensatory damages;
4. Attorneys fees and costs;
5. Injunctive relief;
6. Any and all other equitable relief in accordance with the claims of the Plaintiff, as the Court deems appropriate.

**THE PLAINTIFF**

________________________

A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103
860.728.4900 (Tel)
860.728.4909 (Fax)
attorneys@spinella-law.com
Federal Bar: ct00078